IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALLEN BISHOP                                                                                          PLAINTIFF

      vs.                              Civil No.  2:15-CV-2009

"LUKE' (APARTMENT OWNER)
AND "TAMMY" (LANDLORD) OF
PHOENIX VILLAGE APARTMENTS
REAL PROPERTY MANAGEMENT                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Allen Bishop, pursuant to 42 U.S.C. § 1983. The case is before the undersigned for pre-service screening under the provisions of the *in forma pauperis* statute. On review, the Court is to dismiss the Complaint, or any portion of the Complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's *in forma pauperis* application be denied and his complaint be dismissed.

### Background

According to the allegations of the Complaint, Plaintiff currently resides in the Phoenix Village Apartments in Fort Smith, Arkansas. Plaintiff alleges that the Defendants, in both their official and individual capacities, violated his constitutional rights as follows: (1) failed to keep the apartment free of vermin (bedbugs); (2) were negligent in responsibilities in responding to complaints; (3) breached their warranty; (4) violated health codes; and, (5) their negligence caused Plaintiff pain and suffering.  ECF No. 1.

### Discussion

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under 28

U.S.C. § 1915(a) and, if so, to permit the Complaint to be filed. Second, a determination of whether the cause of action stated in the Complaint is frivolous or malicious and, if so, to dismiss the Complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(on review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his Affidavit, Plaintiff indicates that his sole source of income is his monthly disability check in the amount of $927.00. He has no other assets. His monthly expenses are approximately $724.00. He lists additional debts to the IRS for $54.00, the utility company for $60.00, and the landlord for $350. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they fail to state a claim for which relief may be granted pursuant to § 1983 because Plaintiff has alleged only state law claims. "The first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right secured by the Constitution and laws." *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (internal quotations omitted). "[A] violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993)(citing *Meis v. Gunter*, 906 F.2d 364, 369 (8th Cir.1990), *cert. denied*, 498 U.S. 1028 (1991).

Nor does Plaintiff's status as a disabled individual raise his state law claims to the federal level under the Americans with Disabilities Act ("ADA"). The ADA's "comprehensive remedial scheme" bars the use of a § 1983 action "in lieu of, or in addition to, an ADA cause of action . . ." *Alsbrook v. City of Maumelle*, 184 F.3d 999 (8th Cir. 1999)(internal citations omitted).

## Conclusion

Accordingly, it is the recommendation of the undersigned that Plaintiff's request to proceed *in forma pauperis* be denied and the Complaint be dismissed without prejudice.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

**IT IS SO ORDERED this 27th day of February, 2015.**

        /s/ *Mark E. Ford*
        HON. MARK E. FORD
        UNITED STATES MAGISTRATE JUDGE